IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZAKKIYYA A. GREENE, | ) |
| Plaintiff, | ) |
| v. | ) No. 23-cv-3593 |
| UNIVERSITY OF CHICAGO HOSPITAL, UNIVERSITY OF CHICAGO HOSPITAL SAFETY AND SECURITY POLICE DEPARTMENT, ERIC HEATH, KYLE BOWMAN, EARL EVANS, MONICA HALLOM, JOHN DOES 1-3, | ) Judge John J. Tharp, Jr. |
| Defendants. | ) |

**ORDER**

For the reasons set forth in the Statement below, defendants Eric Heath and Kyle Bowman's motion to dismiss for failure to state a claim [25] is granted. The plaintiff's claims against those defendants are dismissed with prejudice.

**STATEMENT**

Pro se plaintiff Zakkiyya Greene seeks to hold a combination of entities and individuals liable for constitutional violations stemming from an incident that occurred at the University of Chicago Hospital.[1] The defendants are the University of Chicago Hospital, University of Chicago Hospital Safety and Security Police Department, Eric Heath as the Associate Vice President, Kyle Bowman as the Chief of Police, University of Chicago Hospital Safety and Security officer Earl Evans in his individual and official capacities, hospital employees Monica Hallom and John Doe in their individual and official capacities, and two additional officer John Doe's in their individual and official capacities.

---

[1] The complaint refers to the "University of Chicago Hospital" at 5656 S. Maryland Ave, Chicago, IL, presumably referring to the UChicago Medicine Adult Emergency Room in Hyde Park. Similarly, it is not apparent that "University of Chicago *Hospital* Safety and Security Police Department" (emphasis added) is a real entity; no defendants have appeared under those names. For simplicity, the Court will use the plaintiff's terms or simply "the Hospital" throughout.

I.     **Factual and Procedural Background**

In her operative complaint, ECF No. 8, Greene alleges that she visited the Hospital's emergency room and approached defendant employee Hallom in search of information about her brother, who had been transported there via ambulance. Hallom told her that he was not there, which Greene thought was false. Greene proceeded toward the nurse station, at which point Hallom shouted, "Stop that woman." In response, UChicago police officer Evans approached Greene, aggressive verbiage was used, and Evans struck Greene, saying, "Shut up, bitch." This escalation was followed by a struggle involving Evans, a John Doe officer, and Hallom, resulting in Greene being handcuffed, dragged to the door, and "fuddled"[2] by Evans and three John Does, at some point resulting in physical injury. She was subsequently denied medical treatment, arrested without being read her *Miranda* rights, jailed, put on electronic monitoring, and charged with aggravated battery against a peace officer. A *nolle prosecui* was ultimately entered on that charge. The fallout from the incident and arrest disrupted her life in multiple ways.

Greene's complaint asserts that the defendants committed constitutional violations throughout the stages of the above-described affair and were negligent, reckless, callously indifferent, and/or knowing in violating her rights. At two points, she alleges that the defendants were culpable "in training, for supervision or control of subordinates," Compl. ¶ XLIII, and the University of Chicago Hospital, its Safety and Security Police Department, associate vice president Eric Heath, and UChicago PD chief of police Kyle Bowman "created a policy or custom under which unconstitutional practices occurred and allowed the continuance of such a policy or custom." *Id.* ¶ LI.

So far, only two defendants, Eric Heath and Kyle Bowman, have waived service and responded to the complaint. Specifically, they have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). They argue that Greene's complaint fails to state a claim against them because (1) it does not contain any allegations that either of them were personally involved in or even present at the underlying events giving rise to complaint, meaning there is no basis for personal liability under 42 U.S.C. § 1983, and (2) to the extent that Greene seeks to hold them liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), she fails to plead sufficient factual content to support that claim.

Plaintiff Greene has not responded to the motion to dismiss. The defendants argue that her failure to do so, standing alone, warrants dismissal of her complaint with prejudice. The Seventh Circuit, however, has recently clarified and affirmed that district courts cannot rely solely on the plaintiff's lack of response as the reason to grant a motion to dismiss. *See Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021); *Swafford v. Jordan*, No. 21-3189, 2022 WL 2829762, at *2 (7th Cir. July 20, 2022). In *Marcure*, the court of appeals relied on its prior holding in *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000), where it explained:

---

[2] It is unclear what plaintiff Greene means by the use of this word in her complaint, *see* Compl. ¶¶ XII-XIII. In context—"Plaintiff Greene was in handcuffs at the time when fuddled by Defendant Evans and the three John Doe officers," *id.* ¶ XIII—one potential interpretation is that Greene is alleging that she was fondled.

> There are "three possible grounds for dismissing a suit because a response" is overdue: (1) the nonmovant's action evinces intent to abandon suit; (2) there is failure to prosecute; or (3) dismissal is a sanction for the nonmovant's inaction. Under any of those grounds, the lack of response alone is insufficient—the district court must construe the lack of response as indicating an intent to abandon suit or as meriting a sanction.

*Marcure*, 992 F.3d at 631. In their reply brief, however, the defendants do not argue that the plaintiff's failure to file a response brief reflects an intent to abandon this suit or that it merits sanctions; they simply argue that "[b]cause Plaintiff has failed to file any response in opposition to Defendants' motion to dismiss," the complaint should be dismissed. Reply at 3. *Marcure* requires more.[3]

But no matter. Disposition in favor of the defendants is clearly warranted.

## II. Analysis

To survive a motion to dismiss for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). A plaintiff need not plead facts corresponding to every element of a legal theory. *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 848 (7th Cir. 2017). Instead, the plaintiff need only plead a plausible claim. *Rowlands v. United Parcel Serv. - Fort Wayne*, 901 F.3d 792, 800 (7th Cir. 2018). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 850 (7th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). In deciding a motion to dismiss, the Court accepts the well-pleaded factual allegations in the plaintiff's complaint as true, "drawing all reasonable inferences in his favor." *Id.* Pro se complaints are construed liberally in favor of the pro se plaintiff. *Balle v. Kennedy*, 73 F. 4th 545, 557 (7th Cir. 2023).

### A. Claims Against Defendants in Their Individual Capacities

To the extent that Greene is suing the Heath and Bowman in their personal capacities under § 1983, the complaint fails to set forth a plausible claim. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As the Seventh Circuit has elaborated:

> Individual liability under 42 U.S.C. § 1983 can only be based on a finding that the defendant caused the deprivation at issue. *Monell*

---

[3] In making this argument, the defendants rely on *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011), but the rule cited in that case is no different: "[W]e also apply [the rule of waiver] **where a litigant effectively abandons the litigation** by not responding to alleged deficiencies in a motion to dismiss." (emphasis added). In *Alioto,* the plaintiff did not effectively abandon the litigation because he sought leave to amend his complaint in lieu of responding to the motion to dismiss.

> v. *Department of Social Servs.*, 436 U.S. 658, 694 (1978). A defendant will not be liable for a constitutional violation under § 1983 if the defendant merely exercised supervisory authority over those who violated the plaintiff's rights and otherwise failed to participate in any violation of the plaintiff's rights. In order for a defendant to be held liable under § 1983, the plaintiff must establish that the defendant was personally involved or acquiesced in the alleged constitutional violation.

*Kelly v. Mun. Courts of Marion Cnty., Ind.*, 97 F.3d 902, 909 (7th Cir. 1996); *see also Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986) ("Rather, to establish a claim against a supervisory official, there must be a showing that the official knowingly, willfully, or at least recklessly caused the alleged deprivation by his action or failure to act."). Greene's complaint does not contain any allegations that either Heath or Bowman were aware of the alleged constitutional deprivations, let alone that they were personally involved or acquiesced in them. The factual content of the complaint is too thin to support an inference that any of the defendants at the Hospital who interacted with the Greene were directed to do so by anyone, including Heath or Bowman. Accordingly, the complaint does not plausibly assert that the defendants were personally liable.

        **B.**        **Claims Against Defendants in Their Official Capacities**

Insofar as Greene seeks to hold Heath and Bowman liable in their official capacities, "this action operates as a claim against the government entity itself." *Rascon v. Hardiman*, 803 F.2d 269 (7th Cir. 1986) (citing *Monell*, 436 U.S. at 690 n.55). "More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation; thus, in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." *Graham*, 473 U.S. at 165. The complaint asserts in a wholly conclusory fashion that there was some sort of insufficient training or control, and the official capacity defendants and entities had policies or customs of indifference to constitutional rights. Greene has not identified any particular policy, nor has she identified any other examples of constitutional deprivations that could raise an inference that there is a pattern of constitutional deprivations stemming from a single policy, custom, or failure to train employees.

Greene fails to establish any policy, custom, or training deficiency capable of forming the basis of *Monell* liability. Indeed, she does not plead what the alleged policies, customs, or failures to train were, let alone how they were deficient. That falls well below federal pleading standards; the defendants have no notice of the claim(s) against them. Indeed, if this *Monell* claim can survive a motion to dismiss, then any plaintiff with a § 1983 claim against an individual official could tack on a *Monell* claim by simply adding that boilerplate language. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[A]s the Supreme Court warned in *Iqbal* and as we acknowledged later in *Brooks v. Ross,* 578 F.3d 574 (7th Cir. 2009), 'abstract recitations of the elements of a cause of action or conclusory legal statements,' 578 F.3d at 581, do nothing to distinguish the particular case that is before the court from every other hypothetically possible case in that field of law. Such statements therefore do not add to the notice that Rule 8 demands."). What's more, one alleged instance of a constitutional violation is

generally insufficient to proceed against a municipal entity. *See Helbachs Cafe LLC v. City of Madison*, 46 F.4th 525 (7th Cir. 2022) (collecting cases and explaining that, unless the plaintiff identifies a facially unconstitutional policy or establishes that a final decisionmaker directly caused her injuries, she generally must assert a pattern of constitutional deprivations, regardless of whether she is proceeding under the policy, practice/custom, or training theories of *Monell* liability). That is particularly true where—as here—there is nothing about the nature of the incident that could give rise to a reasonable inference of a broader pattern. Greene has failed to assert any facts suggesting that her episode was anything but an isolated incident.

      For the foregoing reasons, Greene's claims against defendants Bowman and Heath are dismissed. The dismissal of the claims is with prejudice because Greene failed to respond to defend the claims and has not requested an opportunity to amend her complaint in light of the motion.

Dated: April 18, 2024

John J. Tharp, Jr.
United States District Judge